BOUTALL, Judge.
This appeal concerns the effectiveness of an attorney’s lien filed by Earl J. Schmitt, Jr. in the record of the case of Hebert v. Reese Truck Lines, et al.
*1021 Before trial on the merits occurred in the case of Hebert v. Reese Truck Lines, et al, Earl J. Schmitt, Jr., not an attorney of record therein, filed a pleading entitled “Attorney’s Lien on Subject Matter of Suit” claiming a lien against the subject matter to the extent of 16%% of any settlement. Two documents accompanied the claim for an attorney’s lien; a document entitled “Contract of Employment” executed by Clarence J. Hebert, plaintiff, in favor of George W. Giaeobbe, his attorney of record, and an untitled document executed by Giaeobbe and Schmitt that stipulated that Schmitt would receive 50% of all fees earned by Giaeobbe.
A motion to strike the attorney’s lien from the record was filed in behalf of Gia-cobbe and Hebert. After trial on the motion the trial judge ordered the claim for attorney’s lien stricken from the record.
L.R.S. 37:218 states plainly that an attorney may acquire an interest in the subject matter of a suit as his fee and may stipulate that neither the client nor the attorney may, without the other’s consent, dispose of the suit or claim, provided there is a written contract signed by the client.
We note that the documents, evidence, and testimony submitted at the trial of the motion to strike show no agreement of any type between attorney Schmitt and plaintiff Hebert. There is no employment contract between an attorney and his client as required by LSA-R.S. 37:218 to give rise to a lien. An agreement between Schmitt and Giaeobbe cannot affect the rights of Hebert or bind the parties to the lawsuit.
Additionally, we note that LSA-R.S. 9:5001 provides that an attorney is granted a special privilege for the amount of his professional fees on all judgments received by him, and the property recovered thereby. In the case now before us, Schmitt was not the attorney that filed the suit or handled the lawsuit in any manner, and that statute is similarly inapplicable.
The judgment ordering the pleading stricken is affirmed at Schmitt’s costs.

AFFIRMED.